**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Angel Baez-Gil

   v.                                    Civil No. 18-cv-243-JL

Adams County Correctional Center

**O R D E R**

Angel Baez-Gil, an inmate at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi, has filed a complaint (Doc. No. 1) in this court asserting, among other things, that he is not receiving prescribed medication at the ACCC. Baez-Gil is a federal prisoner incarcerated at the ACCC pursuant to a sentence imposed by this court in United States v. Baez-Gil, No. 09-cr-041-JL (D.N.H. Dec. 30, 2009). The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Preliminary Review Standard**

This court undertakes a preliminary review of in forma pauperis prisoner claims, pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and LR 4.3(d)(1), to determine whether the action may proceed. In determining whether a pro se complaint states a claim, the court construes the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding

legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Venue and Transfer

Where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed,'" the court may dismiss the case, sua sponte, after providing the plaintiff with an opportunity to object. See Cox v. Rushie, No. CA 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794, at *14, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., 622 F. App'x 805, 809 (11th Cir. Fla. 2015).  In the alternative, this court may transfer a case to another district court where venue is proper, in the interest of justice or for the convenience of the parties.  See 28 U.S.C. §§ 1404(a), 1406(a).

Plaintiff alleges facts regarding the conditions of his confinement at the ACCC, which is located in the Southern District of Mississippi.  ACCC is the only named defendant to this action, and any individual defendants who may be added to

2

this action, would likely be ACCC employees or contractors who reside in Mississippi.

In general, except as otherwise provided by law, venue is appropriate for plaintiff's claims "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  As all of the actors and events relevant to Baez-Gil's allegations are presently located in the Southern District of Mississippi, that district, and not the District of New Hampshire, is the proper venue for this action.[1]

A transfer of this case to the Southern District of Mississippi, in lieu of a dismissal of claims without prejudice, is appropriate here and is in the interest of justice. Accordingly, this case will be transferred to the Southern District of Mississippi fourteen days from the date of this Order unless plaintiff, within that time, files a motion to reconsider the transfer, showing grounds for either keeping this action in this court, or dismissing the case without prejudice to his ability to refile the claims in a different court.

_____

[1]Although Baez-Gil was convicted and sentenced in the District of New Hampshire, it is not clear from the record in that matter that he was domiciled in this district at the time he was sentenced.

3

Baez-Gil's motion for in forma pauperis status has not yet been ruled on, and will be transferred with this case to the Southern District of Mississippi for ruling.  Should the matter not be transferred, the motion will be ruled on by this court when plaintiff's application is complete.

SO ORDERED.


_____
Andrea K. Johnstone
United States Magistrate Judge

April 10, 2018

cc:  Angel Baez-Gil, pro se